UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ATHENA V. BOLON,

                              Plaintiff,

                         v.

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.
_____

DECISION AND ORDER

18-CV-6436L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On March 9, 2015, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since September 1, 2014. Her application was initially denied. Plaintiff requested a hearing, which was held on December 14, 2016 via videoconference before Administrative Law Judge ("ALJ") Michael Carr. (Administrative Transcript, Dkt. #6 at 19). The ALJ issued a decision on May 18, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 19-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 18, 2018. (Dkt. #6 at 1-3). Plaintiff now appeals from that decision.

       The plaintiff has moved (Dkt. #8), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

Here, the ALJ found that the plaintiff had severe impairments consisting of obesity and degenerative disc disease of the cervical and lumbar spine. Noting that plaintiff also suffered from major depressive disorder and unspecified anxiety disorder, the ALJ applied the special technique for nonexertional impairments, and determined that plaintiff's mental impairments do not cause more than a minimal limitation in the claimant's ability to perform basic mental work activities, and are nonsevere.

After summarizing the medical evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform a range of work at the sedentary level, with the following limitations: plaintiff can no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and can never climb ladders, ropes or scaffolds. She can frequently reach, handle and finger bilaterally. She needs to alternate to sitting for two minutes after every one hour of standing or walking, and needs to alternate to standing for two minutes

after every one hour of sitting. She cannot operate a motor vehicle for commercial purposes, or perform any conveyor belt or assembly line work. She will be off task for 10% of the workday. (Dkt. #6 at 24).

When presented with a hypothetical encompassing this RFC at plaintiff's hearing, vocational expert Mark A. Pinti testified that plaintiff's RFC would permit her to return to her past relevant work as a desk technician. (Dkt. #6 at 28-29).

### III. Plaintiff's Contentions

#### A. Assessment of the Medical Opinions of Record

Plaintiff first argues that the ALJ erred when he gave "little" weight to opinions by plaintiff's treating physician's assistants, Cynthia Larson and Emily Lapp, concerning plaintiff's back pain. In declining to grant more weight to those opinions, the ALJ noted that a September 25, 2015 opinion by Ms. Lapp (consisting of a four-sentence letter which simply stated that plaintiff was being treated for "chronic and permanent" back pain) did not describe the claimant's level of impairment or identify any functional limitations. The ALJ also observed that a March 2017 questionnaire by Ms. Larson consisted of a check-box form that was incomplete and unaccompanied by any narrative explanation. Furthermore, sporadic references in treatment records to whether plaintiff was disabled by pain were nothing more than legal conclusions as to the ultimate issue of disability. (Dkt. #6 at 409, 652-53, 663-64).

Initially, under the applicable regulations, physicians' assistants are not "acceptable medical sources," but rather are "other medical sources" which may be properly considered, but are not entitled to the deference accorded to opinions from treating medical sources. *See Dennison v. Berryhill*, 2019 U.S. Dist. LEXIS 80415 at \*14 (W.D.N.Y. 2019). Furthermore, it is well settled that an ALJ's decision need not "reconcile explicitly every conflicting shred of medical testimony," *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

In view of these principles, the Court finds no error in the ALJ's assessment of the medical opinions of record. To the extent that the RFC determined by the ALJ did not incorporate the full extent of the reaching, fingering and postural limitations described by Ms. Larson on the form she completed, the ALJ discussed conflicting evidence of record, including treatment notes observing near-normal strength, normal gait, and grossly normal range of motion in plaintiff's extremities throughout the relevant period. (Dkt. #6 at 26-27). Furthermore, the ALJ's decision to afford little weight to opinions from 2015-2017 that plaintiff was significantly limited by pain, and/or that she was wholly disabled from working, is supported by the fact that plaintiff *was* actually working – at levels sufficient to comprise substantial gainful activity – from at least September 1, 2015 through April 6, 2016, and possibly thereafter. (Dkt. #6 at 21-22).

Finally, to the extent that the opinions of record render conclusions as to the ultimate issue of disability, that issue is, as the ALJ noted, reserved for the Commissioner. S*ee e.g.*, *Judd v. Berryhill*, 2018 U.S. Dist. LEXIS 205177 at *16 (W.D.N.Y. 2018).

### B. The ALJ's RFC Determination

Plaintiff also argues that the ALJ erred in formulating a "highly specific" RFC, without reliance upon any particular medical opinion. For example, the RFC determined by the ALJ includes hourly sit/stand position changes which were not specifically prescribed by any medical source.

An ALJ's opinion need not correspond perfectly with any particular medical opinion: rather, it must be supported by substantial evidence of record. *See Palistrant v. Commissioner*, 2018 U.S. Dist. LEXIS 167960 at *12-*13 (W.D.N.Y. 2018). Here, the ALJ's finding that plaintiff required the ability to briefly change position every hour was not invented out of whole cloth: it reflected plaintiff's own, "highly specific" testimony at the hearing that she was unable to

sit or stand for more than one hour without experiencing pain. (Dkt. #6 at 55-57, 61). The ALJ's decision to credit plaintiff's testimony concerning her sitting and standing limitations is well supported by substantial evidence of record, including treatment notes reflecting plaintiff's chronic back pain and obesity. Accordingly, I find no error in the ALJ's inclusion of a sit-stand limitation in plaintiff's RFC.

Plaintiff also objects to the ALJ's inclusion of a "10% off-task" component in plaintiff's RFC as overly specific and unsupported by medical opinions. Because the ALJ's hypothetical questions to the vocational expert included a hypothetical which described the same RFC finding *without* the off-task component, to which the vocational expert gave the same answer (that plaintiff could return to her past relevant work), remanding the matter for reconsideration of whether the "10% off-task" component was appropriately included in the ALJ's RFC finding would serve no purpose.

### C. Past Relevant Work

Finally, plaintiff contends that the ALJ erred when he found that plaintiff's RFC permits her to return to her past relevant work as a desk technician, both as she performed it, and as it is generally performed in the economy. Specifically, plaintiff argues that the ALJ's analysis failed to account for plaintiff's testimony that her attempts to return to her previous job had been unsuccessful, and that her symptoms caused her to miss at least one day of work per week. (Dkt. #6 at 51-52).

Fundamentally, plaintiff does not contend that the ALJ's findings were unsupported by vocational expert testimony: she simply argues that the ALJ should have credited her testimony and chosen to include frequent absences and other additional limitations in his RFC finding.

5

Because I find that the ALJ's RFC finding is supported by substantial evidence, as discussed above, as well as by plaintiff's work history during the relevant period, this argument is unavailing.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that ALJ's decision was supported by substantial evidence and was not the product of reversible legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #8) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　 March 10, 2020.